Johnson, J.,
delivered the opinion of the Court.
The defendant, being indebted to the complainant’s testator, executed a bond, and a mortgage of a house and lot of land, to secure payment at a future day. In the mortgage there is a covenant, that the defendant, in addition to the legal interest, should “pay, and satisfy *506 ^ sa^ Edward Mortimer, all such sums, taxes, and assessments, aa may be imposed by the State of South Carolina, and the City of Charleston, or either of them, on the principal, or interest, of the said This is a bill for foreclosure; and it is contended, on behalf of certain subsequent mortgagees, who have been made parties to the suit, that the foregoing covenant renders the contract usurious, and therefore void.
vide Act of 286^-’aedvide ^°27.of 1830’
It has so happened, that no tax, or assessment, was imposed either by the Legislature, or the City Council, within the period which the bond had to run; but money at interest, or the interest received thereon, is a common subject of taxation, and assessment, against the creditor, both by the Legislature, and the City Council, and it is evident, that this covenant was framed with a view to cover any that might, or probably would be, imposed. The statute against usury declares all contracts void, on which interest, at a higher rate than seven per cent., per annum, is reserved. The taxes on money at interest have been heretofore invariably imposed on the lender, in respect to the money at interest; and this contract provides, in terms, that the lender shall be reimbursed that amount, in addition to the seven per cent., if it should be imposed: and it strikes me, very forcibly, that, in strictness, it is a violation of the law. It is clearly not analogous to the cases of bona fide brokerage, or commissions, relied on by the counsel, see Dagget v. Wigley, 11 East, 43, and Dey v. Dunham, 2 Johns. Ch. R. 182; for those cases proceed on'the ground, that the additional per centage was earned by the broker, for services performed in tho regular course of his business: and I cannot perceive any difference between this case, and one of a contract, that, in addition to legal interest, the borrower should pay any taxes, which the Legislature, or City Council, might impose on the houses, lands, and negroes, of the lender, to an unlimited extent. The principle appears to me to be the same in both cases.
The circumstance, that the payment of this additional sum depended upon the contingency, that the Legislature, or City Council, should impose the tax, does not vary the question; for if that were allowed, the statute would be evaded. The lender would take care to select a contingency, which would approach so near to certainty, as to leave no doubt. The principle is clearly settled in the case of Morse v. Wilson, 4 T. R. 353, referred to by the Chancellor, in which, in addition to the legal interest, the lender stipulated for a share of the profits of a trade, and it was held to be usurious.
On this question, however, doubts are entertained by some of the members of the Court; and for that reason I am not disposed to put tho issue of this case upon it, as there is another, which is decisive.
Hunt, for the motion.
Toomer, contra.
Usury consists in the corrupt, and wilful intent to violate the statute fixing the legal rate of interest, Nourse v. Prime, 7 Johns. Ch. R. 69; and it is in evidence here, that the parties, in the formation of this contract, acted on the advice of a gentleman of this bar, highly respectable both for his legal attainments, and for his moral worth. It is a question of doubt even now; and if the contract be usurious, it is palpable, that the parties, both the defendant, and the complainant’s testator, acted upon a mistake of the law, and not with a corrupt, and wilful intent to violate the statute. It is a mistake from which the parties would be relieved, as we have decided during the present term, in the case of Lawrence v. Beaubien, (2 Bailey, 623:) and on this ground the appeal must be dismissed, and the decree of the Circuit Court affirmed.
O’Neall, J., concurred.

Decree affirmed.